UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | No. 2:12-cr-00171-JTM-SS |
| KURT E. MIX, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| …………………………………………... | : | |

**STATEMENT OF THIRD-PARTY BP CONCERNING DEFENDANT KURT MIX'S "MOTION FOR A PROTECTIVE ORDER TO ALLOW FOR IMMEDIATE DISCLOSURE AND, IF NECESSARY, USE AT TRIAL OF EXCULPATORY INFORMATION NOT CURRENTLY IN THE GOVERNMENT'S POSSESSION"**

Defendant Kurt Mix has asked the Court to allow him to disclose BP materials (an interview memorandum or portions thereof) created in the aftermath of the April 20, 2010 *Deepwater Horizon* incident.  Mix acknowledges that the materials are protected by the attorney-client privilege.  Mix asks that the Court override that privilege on the theory that because the materials have, in his view, exculpatory value, he has a constitutional right to disclose them.

At present, BP takes no position on whether these materials meet the applicable standard for disclosure, but considering Mix's acknowledgment that the materials are privileged, BP respectfully submits the following statement of interest concerning Mix's pending motion.

## FACTUAL BACKGROUND

On May 2, 2012, Kurt Mix, a former BP engineer, was indicted on two counts of obstruction of justice under 18 U.S.C. § 1512(c)(1).  Indictment for Obstruction of Justice, *United States v. Mix*, Criminal No. 12-171 (E.D. La. May 2, 2012).  The indictment alleges that Mix deleted text messages from his iPhone in October of 2010 and again in August of 2011 despite having received multiple legal hold notices from BP.  *Id.* at 2-4.  According to the

1

indictment, Mix's actions "impair[ed]" the "integrity and availability" of the messages "for use in an official proceeding, to wit: a federal grand jury proceeding in the Eastern District of Louisiana." *Id.* at 4-6.

On May 14, 2012, Mix filed a motion with the Court requesting that the BP materials be "disclos[ed] . . . to the Government" in support of Mix's efforts to have his indictment dismissed. *See* Memorandum of Law in Support of Defendant's Motion for a Protective Order to Allow for Immediate Disclosure and, if Necessary, Use at Trial of Exculpatory Information Not Currently in the Government's Possession, *United States v. Mix*, No. 2:12-cr-00171-JTM-SS (E.D. La. May 14, 2012) [hereinafter *Mix Memo*]. The motion also requests that the Court allow Mix to use those materials in his defense at trial "if necessary[.]" *See id.* at 2.

Mix acknowledges that the attorney-client privilege protects the materials in question. *E.g.*, *id.* at 1. Nevertheless, on the theory that they have exculpatory value, Mix asserts a "constitutional right[]" to disclose and use them that overrides BP's attorney-client privilege. *Id.* at 5.

## POSITION

### I. The Attorney-Client Privilege Protects the Requested Materials

In the opening sentence of his memorandum, Mix recognizes that BP "holds an attorney-client privilege[]" over the requested materials. *Id.* at 1. This recognition is consistent with BP's own position, maintained from the very beginning of the post-incident period, that these and similar materials are encompassed within attorney-client privilege. It is also consistent with the clear and uniform case law of the Fifth Circuit. *E.g.*, *In re LTV Sec. Litig.*, 89 F.R.D. 595, 601-608 (N.D. Tex. 1981) (employee interviews conducted by attorneys as part of investigation into alleged misconduct at client corporation protected by attorney-client privilege); *see also, e.g.*,

2

*Fair Isaac Corp. v. Texas Mut. Ins. Co.*, Civil Action No. H-05-3007, 2006 WL 3484283, at *3 (S.D. Tex. Nov. 30, 2006) (communications relating to counsel's investigative interviews of company employees also protected by attorney-client privilege); *S. Scrap Material Co. v. Fleming*, No. Civ.A. 01-2554, 2003 WL 21783318, at *2 (E.D. La. July 30, 2003) (discussing *Upjohn Co. v. United States*, 449 U.S. 383 (1981), and citing cases for proposition that, in context of attorney-client privilege determinations, "[c]ourts have consistently recognized that investigation may be an important part of an attorney's legal services to a client[]").

## II. The Attorney-Client Privilege Need Not Yield to a Defendant's Request for Disclosure

The attorney-client privilege stands apart from the other evidentiary privileges; its position is "special" and "venerated" and courts are particularly mindful to guard against needless erosions of the privilege's protections. *See United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002) (recognizing that the privilege is the "oldest and most venerated of the common law privileges" and "serves important interests in [the] judicial system[]"); *S. Scrap*, 2003 WL 21783318 at *1 & n.2 (describing the attorney-client relationship as "sacrosanct and one of the bastions of an ordered liberty[]" and noting that "[t]he Supreme Court has expressly recognized that the attorney-client privilege enjoys a special position" among the privileges and "serves a salutary and important purpose[]" (citing *Swindler & Berlin v. United States*, 524 U.S. 399, 403 (1998))).

Given this, the attorney-client privilege must be given significant weight, even in the face of disclosure requests based on non-frivolously invoked constitutional rights and credible allegations that the information sought has exculpatory value. *See, e.g.*, *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1136, 1139-1140 (D. Mont. 2006); *Morales v. Portuondo*, 154 F. Supp. 2d 706, 730-31 (S.D.N.Y. 2001); *Salem v. North Carolina*, 374 F. Supp. 1281, 1283-84

(W.D.N.C. 1974).[1]  So, for example, in *Grace*—the case chiefly relied upon by Mix—the district court held that despite the recognition of the movants' constitutional rights, the attorney-client privilege did not necessarily yield as to documents otherwise protected by that privilege, and thus held only that they *might* be brought into trial as evidence based on their "probative and exculpatory value."  *Grace*, 439 F. Supp. 2d at 1142.

The *Grace* court drew on the Supreme Court's position that "evidentiary rules . . . yield to [constitutional] rights where the application of the rules of evidence would 'significantly undermine[] fundamental elements of the defendant's defense.'"  *Id.* at 1139-1140 (quoting *United States v. Scheffer*, 523 U.S. 303, 315 (1998)).  Moreover, the *Grace* court's ruling was premised on the defendants' assertion that they "intend[ed] to rely upon a[] . . . defense that . . . can only be established through the presentation of documents and testimony over which . . . claims [of] attorney-client privilege [have been made]."  *Id.* at 1136.  And, finally, the district court ultimately held only that the documents in question "*may*, depending on the proof at trial, be of such probative and exculpatory value as to compel admission . . . over [the privilege holder's] objection . . . ."  *Id.* at 1142 (emphasis added).

In other cases, federal courts deciding challenges to the attorney-client privilege premised on allegations of exculpatory information being withheld in violation of a constitutional right have chosen not to break the privilege.  *See, e.g.*, *United States v. Stotts*, 870 F.2d 288, 290 (5th Cir. 1989); *United States v. Franklin*, 598 F.2d 954, 957-58 (5th Cir. 1979).

---

[1] Fifth Circuit courts have not yet developed an exact rubric for resolving such conflicts between the attorney-client privilege and constitutional rights like a defendant's right to present a defense where the underlying basis for the conflict is the withholding of allegedly exculpatory information by a nongovernmental party.  However, where an evidentiary privilege determined by federal common law is at issue and insufficient precedent exists within the circuit, courts of decision may look to the case law of other federal circuits for guidance.  *See In re Grand Jury Proceedings*, 517 F.2d 666, 669-70 (5th Cir. 1975) (noting, in the context of an appeal on a question of the attorney-client privilege's scope, that, where no Fifth Circuit court has "passed on the issue[,]" the deciding court should "look first to the decisions of other federal courts . . . for whatever guidance they provide[]").

### III. Should the Court Override the Attorney-Client Privilege, the Scope of that Override Must be Narrowly Tailored

In the event the Court does find that the facts and circumstances here satisfy the necessary standard to override BP's attorney-client privilege and thus to allow Mix to disclose or otherwise use the materials based on a constitutional right to exculpatory evidence at trial, BP respectfully requests that the Court narrowly and precisely tailor the scope of the permitted disclosure or use. BP has a right to defend itself against the myriad of legal proceedings filed in the wake of the *Deepwater Horizon* tragedy, and precedent recognizes that attorney-client privileged efforts are integral to that defense.

Finally, to the extent the Court orders any portion of the memorandum produced, BP respectfully requests that any production be subject to court order so that the record is clear that BP is not electing to waive its attorney-client or work product privileges.

Dated:  May 30, 2012                                    Respectfully submitted,


                                                        /s / Ralph Capitelli

                                                        Ralph Capitelli (Bar #3858)
                                                        (rc@capitelliandwicker.com)
                                                        Brian J. Capitelli (Bar #27398)
                                                        (brian@capitelliandwicker.com)
                                                        Capitelli & Wicker
                                                        1100 Poydras Street
                                                        2950 Energy Centre
                                                        New Orleans, LA  70163
                                                        Telephone: (504) 582-2425

                                                        and

                                                        Mark Filip
                                                        (mark.filip@kirkland.com)
                                                        Kirkland & Ellis LLP
                                                        300 North LaSalle Street
                                                        Chicago, IL 60654
                                                        Telephone: (312) 862-2000
                                                        Facsimile: (312) 862-2200

                                                        *Attorneys for the BP Exploration &*
                                                        *Production Inc. & BP America Production*
                                                        *Company*

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing has been served via ECF, upon all attorneys included on the ECF notice in case number 12-CR-00171, this 30th day of May, 2012.

/s/  Ralph Capitelli