UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                  NO. 12-171

KURT E. MIX                                             SECTION "K"(1)

**ORDER AND OPINION**

Before the Court is the "Motion in Limine to Preclude the Government from Referring to the Drop in BP's Stock Price" filed on behalf of defendant Kurt Mix (Doc. 250). Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned GRANTS the motion.

The defendant seeks an order precluding the United States from making any reference to the drop in BP's stock price on the day after the public announcement that Top Kill had failed and from introducing any evidence concerning or referring to the drop in stock price. "Relevant evidence" is that evidence which "has a tendency to make a fact more or less probable than it would be without the evidence" and which is a "fact of consequence in determining the action." Fed.R. Evid. 401. The United States has indicated that it will not attempt to introduce evidence of the stock drop to "show defendant's motive to obstruct to based upon concern over his holdings in BP stock, or to show BP's corporate net worth." Doc. 273, p. 1. Rather, the government plans to introduce the drop in stock price as evidence of the scope of the foreseeable grand jury investigation that defendant is charged with obstructing, including securities fraud offenses, and "the nexus between the deleted material and the foreseeable grand jury's investigation, by providing context to why a subpoena was issued to BP seeking the defendant's documents and electronic information, including the materials the defendant is charged with deleting." Id. The Court finds that the relationship between the evidence of the drop in stock price and the purpose for which the evidence is offered is too attenuated for the

evidence to qualify as relevant evidence.

Even assuming *arguendo* that evidence of the drop in stock price proved relevant to the issue of the foreseeability of the grand jury proceeding and to the nexus between the deleted material and the foreseeable grand jury's investigation, the Court concludes that such evidence is not admissible. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger" of, among other things "unfair prejudice." "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilty on a ground different from proof of specific to the offense charged.'" *United States v. Perez-Solis*, 709 F.3d 453, 464 (5th Cir. 2013), quoting *Old Chief v. United* States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The probative value of evidence of the drop in stock price following the public announcement that Top Kill proved unsuccessful is slight given the myriad of factors that influence stock prices, including the fact of the well blow-out itself. On the other hand, the danger of unfair prejudice resulting from the admission of such evidence is high. Evidence of the drop in stock price is likely to unfairly focus the jury's attention on the financial aspects of the drop in stock price as it relates to Mr. Mix's personal financial situation. Because the probative value of the evidence of the drop in stock price is substantially outweighed by the danger of unfair prejudice to defendant, the Court GRANTS defendant's "Motion in Limine to Preclude the Government from Referring to the Drop in BP's Stock Price" (Doc. 250).

New Orleans, Louisiana, this 14th day of May, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE