IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 2:12-cr-00171-SRD-SS |
| KURT MIX | * | |
| | * | |

\* \* \*

## UNITED STATES' MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH SUBPOENA

**NOW INTO COURT,** through the undersigned Task Force Attorneys, comes the United States of America, which respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 17(c), to quash a subpoena served by the defendant on the government's forensic expert in this matter. The government has produced to the defendant extensive expert discovery, including two detailed expert reports that disclose all of the opinions the expert will offer, the bases and reasons for those opinions, the processes and procedures the expert used, and the materials and data that the expert relied upon (all of which have also been produced to the defendant). Despite the fact that the defendant has *never* raised an issue over the sufficiency of the government's expert disclosures, and has *never* asked the government for any additional expert discovery, the defendant has now issued a subpoena to the government's expert seeking materials that are plainly privileged, and otherwise fails to meet the requirements of Rule 17(c). The subpoena should be quashed.

### PROCEDURAL HISTORY

On May 26, 2012, the defendant served his first request for discovery on the government, which included a request for expert disclosures pursuant to Federal Rule of Criminal Procedure

1

16(a)(1)(G). On June 28, 2012 in compliance with this Court's scheduling order, the government sent extensive discovery to the defendant. As part of the government's production, and in response to the defendant's request, the government also provided several disclosures identifying Mr. Jeff Bolas of Stroz Friedberg LLC, as the expert witness the government intended to call at trial in this matter, and provided the defendant with a 14-page report detailing both Mr. Bolas' expert opinions and the bases and reasons for those opinions. (See Rec. Doc. No. 213-2.) The government also produced to the defendant a supplemental report detailing the defendant's deletions of voicemails. The government's expert reports also identified the materials that Mr. Bolas relied upon and the processes and procedures he used in reaching his conclusions. (Id.) All of the materials and underlying data that Mr. Bolas relied upon in his report have been produced to the defendant. The government has also produced additional materials related to Mr. Bolas to the defendant in a timely manner, consistent with Federal Rule of Criminal Procedure 16(a)(1)(G). Notably, the defendant's expert does not dispute any of Mr. Bolas' findings.

On May 13, 2013, the defendant served a *subpoena duces tecum* pursuant to Rule 17(c) upon Stroz Freidberg, LLC. This subpoena requested two categories of documents:

1. All communications from any current or former employee or agent of the U.S. Department of Justice ("DOJ") to any current or former employee or agent of Stroz Friedberg, LLC regarding work performed for the Kurt Mix matter, including but not limited to any instructions, guidelines, or requests made by DOJ with respect to Stroz Friedberg's review of, and reports about, the Kurt Mix and Jonathan Sprague iPhones, Mix's computer hard drive, and Mix's email account.

2. All contracts, agreements, or documents reflecting any benefits promised or made to Stroz Friedberg with respect to any work performed for DOJ regarding the Mix matter, including benefits promised or made by DOJ, BP, or any law firm retained by BP.

(Exhibit A, ("Stroz subpoena".))

Prior to the issuance of this subpoena, the defendant has never requested any additional expert discovery from the government. Nor has the defendant ever raised any issue with the sufficiency of the government's expert disclosures.

## APPLICABLE LAW

### I. Federal Rule of Criminal Procedure 16(a)(2)

Federal Rule of Criminal Procedure 16(a)(2) exempts from criminal discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). As the Supreme Court has noted, "under Rule 16(a)(2), [a defendant] may not examine government work product in connection with his case." United States v. Armstrong, 517 U.S. 456, 463 (1996); see also United States v. Noble, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital."). Similarly, the Fifth Circuit has recognized that the Advisory Committee incorporated this provision into Rule 16 to "ensure that government attorneys' litigation preparations are protected from discovery." United States v. Mann, 61 F.3d 326, 331 (5th Cir. 1995); see also, United States v. Koskerides, 877 F.2d 1129, 1133-34 (2d Cir. 1989) (Rule 16(a)(2) "clearly recognizes 'the prosecution's need for protecting communications concerning legitimate trial tactics . . .'") (quoting United States v. Pfingst, 490 F.2d 262, 275 n.14 (2d Cir. 1973)). The protections of Rule 16(a)(2) do not apply only to attorneys for the government, but extend to "other government agent[s] in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). As the Ninth Circuit has recognized, it is "more reasonable that, read in context,

'government agent' includes non-federal personnel whose work contributes to a federal criminal 'case.'"  United States v. Fort, 472 F.3d 1106, 1113 (9th Cir. 2007).

**II.     Federal Rule of Criminal Procedure 17(c)**

Trial subpoenas *duces tecum* are governed by Federal Rule of Criminal Procedure 17(c), which provides generally that a trial subpoena may order a witness to produce documents, data or other objects designated by the subpoena.  As Supreme Court and the Fifth Circuit have both recognized, Rule 17 is not a discovery tool and may not be used to avoid the discovery procedures set forth in Rule 16.  See, e.g., United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992) (citing Bowan Dairy Co. v. United States, 341 U.S. 214 (1951), and United States v. Nixon, 418 U.S. 683 (1974)); United States v. Carriles, 263 F.R.D. 400, 402 (W.D. Tex. 2009).  To the contrary, Rule 17 subpoenas may be used only in a "good faith effort" to obtain evidence for trial.  Arditti, 955 F.2d at 345.

The burden is on the party issuing the subpoena to demonstrate that the materials sought are (1) relevant, (2) admissible, and (3) identified with sufficient specificity.  See id. (citing Nixon, 418 U.S. at 700).  Mere conclusory allegations of relevance and admissibility are insufficient, see United States v. Ruedlinger, 172 F.R.D. 453, 456 (D. Kan. 1997), and the "specificity and relevance elements require more than the title of a document and conjecture as to its contents," Arditti, 955 F.2d at 345.  Indeed, the issuing party must show that the items sought have "real relevance to the particular counts . . . charged," United States v. Butler, 429 F.3d 140, 149 (5th Cir. 2005), and that the items contain evidence that will likely be admissible on those counts, United States v. Skilling, Crim. No. H-04-025, 2006 WL 1006622, at *3 (S.D. Tex. Apr. 13, 2006), while the specificity requirement protects against the use of a trial subpoena for discovery "fishing expeditions," id. at *2.

Even where a subpoena satisfies the three requirements of relevancy, admissibility, and specificity, the district court retains discretion to quash the subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); United States v. Hardy, 224 F.3d 752, 756 (8th Cir. 2000). For example, a district court may quash a subpoena when compliance would destroy a valid privilege. See United States v. Bergeson, 425 F.3d 1221, 1224 (9th Cir. 2005); see also In re Grand Jury, John Doe No. G.J.2005-2, 478 F.3d 581, 585 (4th Cir. 2007) ("Rule 17(c) offers a vehicle for a subpoenaed party to assert a constitutional, statutory, or common-law privilege.") (citing Branzburg v. Hayes, 408 U.S. 665, 688 (1972)).

## ANALYSIS

**I.   THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IMPROPERLY SEEKS PRIVILEGED MATERIALS**

The subpoena's request for the government's communications with Stroz Freidberg must be quashed because it seeks materials that are protected by Rule 16(a)(2). Specifically, the subpoena seeks communications from the prosecutors to its forensic expert designed to obtain the assessments, thought processes, and analyses of counsel concerning the forensic work being performed by its expert, made in anticipation of litigation, and which directly relate to the prosecution of this matter. Such materials are classic attorney work product, and are not discoverable under Rule 16. The fact that the communications were disclosed to the government's expert does not constitute a waiver of the work product protection. See Mann, 61 F.3d at 331 (noting that while general rules regarding work product waiver apply in the context of Rule 16(a)(2), such a waiver requires "'voluntary and intentional relinquishment of a known right or conduct that warrants an inference of such a relinquishment.'") (quoting Highland Ins. Co. v. Allstate Ins. Co., 688 F.2d 398, 404 (5th Cir. 1982)).

5

With respect to this case, Stroz Friedberg was acting as an agent of the government at the direction of the prosecution team. The employees of Stroz Friedberg working on this matter are therefore precisely the sort of "non-federal personnel" whose work contributes to – and indeed are essential in – the investigation and prosecution of federal criminal cases. See Fort, 472 F.3d at 1113.

Notably, Rule 16(a)(1)(G) specifically sets forth the scope of the government's discovery obligations with respect to experts. That rule requires the government to provide a written summary of the expert's opinions, and the bases and reasons for those opinions, and a statement of the expert's qualifications. The government has more than fully complied with this rule, and the defendant has never raised any issue over the sufficiency of the government's expert disclosures. Rule 16(a)(1)(G) does not require, however, the government to produce communications between the prosecutors and the expert. To the contrary, as stated above, Rule 16(a)(2) expressly exempts such materials from discovery.

Indeed, the conclusion that these materials are not discoverable under Rule 16(a)(2) is strongly supported by the fact that the defendant never sought these materials under Rule 16, but instead chose to issue a Rule 17(c) subpoena. As courts have recognized, however, "[a] Rule 17(c) subpoena is not a discovery device nor does it provide a means of discovery beyond the discovery provided for in Rule 16." United States v. Carriles, 263 F.R.D. 400, 402 (W.D. Tex. 2009); see also United States v. Hoeffner, 254 F.R.D. 302, 305 (S.D. Tex. 2008) ("A subpoena under Rule 17 cannot be used to circumvent the limitations on discovery mandated by Rule 16."). The defendant should not be permitted to evade the broad protections of Rule 16(a)(2) simply by requesting the same materials through the use of a Rule 17(c) subpoena.

## II.   THE DEFENDANDANT HAS NOT MET HIS BURDEN UNDER RULE 17(c) AS TO THE FIRST REQUEST

Even if the first request of the Stroz subpoena did not seek privileged material, it would still be improper under Rule 17(c).  Indeed, rather than a good faith effort to obtain trial evidence, the first request is precisely the type of fishing expedition that Rule 17 prohibits.  Because the materials sought by the defendant are not (1) relevant, (2) admissible, or (3) identified with specificity, the first request in the Stroz subpoena should be quashed.

First, the communications sought in the first request of the subpoena are irrelevant.  Such materials entail statements or questions from the prosecutors directed to Stroz Friedberg in preparation of this case.   The government has fulfilled its expert discovery obligations and this is an improper attempt to gain insight into the attorneys mental impressions and/or strategy.  The government has already disclosed to the defendant all of the expert discovery to which he is entitled, and more.  As disclosed in his expert report, Mr. Bolas' testimony at trial will be based upon his technical forensic analysis of data provided to him.  His analysis is transparent, derives directly from the materials he considered, corresponds with the conclusions he has reached, and has been provided to the defense in clear detail.  Moreover, all of the materials and data relied upon by Mr. Bolas have been produced to the defendant.  In light of those disclosures, the government's communications with Stroz Friedberg are entirely irrelevant to Mr. Bolas's disclosed opinions.  Indeed, as noted above, Mr. Bolas' conclusions are not even disputed by the defense's forensic expert.

Second, the requested materials are inadmissible, and therefore cannot satisfy the second prong of the Rule 17(c) test.  As an initial matter, they are inadmissible because they are irrelevant.  See Fed. R. Evid. 401.  These materials also constitute out-of-court statements by members of the prosecution team and are inadmissible hearsay.  Fed. R. Evid. 801, 802.

Moreover, to the extent that the defendant seeks the materials to establish what Stroz Friedberg was, and was not, asked to analyze with regard to this case, the evidence will be cumulative and unfairly prejudicial given the government's full expert disclosures.  See Fed. R. Evid. 403.  Additionally, to the extent the defendant seeks these materials merely to impeach Mr. Bolas' testimony, he cannot use a Rule 17(c) subpoena to obtain them.  See United States v. Cuthbertson, 651 F.2d 189, 194-95 (3d Cir. 1981); see also, Arditti, 955 F.2d at 346 (quoting Cuthbertson for proposition that "'Rule 17(c) subpoena reaches only evidentiary materials . . .'")

Finally, the requested materials are not identified with the required specificity.  To the contrary, the defendant's first request is an overbroad and impermissible discovery request of a sort expressly prohibited under Rule 17.  The defendant's request fails to even provide the mere "title of a document and conjecture as to its contents" that the Fifth Circuit found insufficient in Arditti.  955 F.2d at 345.  While the prohibition against Rule 17(c) "fishing expeditions" is always applicable, it deserves to be enforced with heightened vigilance at this late stage in this particular case.

## III.   THE DEFENDANDANT'S SECOND REQUEST IS MOOT AND SHOULD BE QUASHED

The defendant's second request in the subpoena should be quashed because it is both moot and improper.  The request seeks, in substance, production of *Giglio* materials.  Per the scheduling order in this matter, such materials will be produced to the defendant on May 28, 2013.  (See Rec. Doc. 187-1, 190.)  As such, the subpoena request to Stroz Friedberg is unnecessary.

## **CONCLUSION**

**WHEREFORE**, for the reasons outlined above, the United States respectfully moves this Court to quash the subpoena issued by the defendant to Stroz Friedberg.

New Orleans, Louisiana, this 16th day of May, 2013.

Respectfully submitted,

JOHN D. BURETTA
Director, Deepwater Horizon Task Force

 /s/ DEREK A. COHEN
DEREK A. COHEN, Deputy Director [Member of NY bar]
RICHARD R. PICKENS, II   [22593]
SCOTT M. CULLEN [Member of Maryland Bar]
Task Force Attorneys
Deepwater Horizon Task Force
400 Poydras Street, Suite 1000
New Orleans, Louisiana 70130
Phone: (504) 299-3019

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

/s/ Derek A. Cohen
DEREK A. COHEN
Deputy Director, Deepwater Horizon Task Force