UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

## ORDER AND OPINION

Before the Court is the "Motion in Limine to Exclude Evidence of the Alleged SEC Investigation" filed on behalf of defendant Kurt E. Mix (Doc. 252). Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned, grants the motion in part and denies it in part.

Because the general background of this case is well known to the parties, only the facts relevant to this motion will be set forth herein. On July 9, 2010, the Securities and Exchange Commission advised Group General Counsel for BP p.l.c. ("BP") that it was "conducting an information inquiry and requested production of various documents from BP including "[a]ll documents relating to the rate of oil flowing from the Gulf of Mexico Oil Spill." Doc. 276-1, Ex. A. On August 10, 2010, the Securities and Exchange Commission ("SEC") issued a subpoena to BP to produce, among other things, "[d]ocuments sufficient to identify BP's role with respect to oil flow estimates prepared, reviewed or provided by Unified Command, the U.S. Coast Guard, and/or the Flow Rate Technical Group," and "[d]ocuments sufficient to determine when Company employees became aware that the rate of oil flowing from the MC 252 well head likely exceeded 5,000 barrels per day." On June 23, 2011 the SEC issued another subpoena to BP ordering the production of various documents including "[a]ll communications to or from Kurt Mix between

April 20, 2010 and May 31, 2010."  Doc. 276-3, Ex. C.

A grand jury returned a superseding indictment against Kurt E. Mix charging him with two counts of obstruction of justice in violation of 18 U.S.C. §1512(c)(1).  Count 1 of the superseding indictment relates to the October 4, 2010 deletion from defendant's iPhone of a string of text messages to and from BP Drilling Engineering Manager for the Gulf of Mexico.  Count 2 of the superseding indictment relates to the August 20, 2011 deletion from defendant's iPhone of a string of text messages to and from a BP's third party contractor and the deletion of voicemails from that contractor and from BP's Drilling Engineering Manager for the Gulf of Mexico.  Doc. 215.   The superseding indictment contains the following allegations:

> 8.  In or about August 2010, the United States Securities and Exchange Commission ("SEC"), in coordination with DOJ, issued a subpoena to BP for all flow-rate related documents from April 20, 2010 to August 9, 2010.  Both DOJ criminal prosecutors and SEC attorneys were in frequent communication with BP regarding this and subsequent flow-rate related document and witness requests.
>
>  . . .
>
> 13.  On or about June 23, 2011, the SEC, in conjunction with DOJ issued a subpoena to BP specifically requesting "all communications to or from Kurt Mix between April 20, 2010 and May 31, 2010.
>
> 14.  On or about June 28, 2011, a BP in-house attorney informed defendant KURT MIX that DOJ had specifically requested defendant MIX's documents as part of its ongoing criminal investigation.

Doc. 215.[1]

---

[1] After defendant filed this motion, the grand jury returned a second superseding indictment against Mr. Mix.  Paragraphs 8 and 13 of the second superseding indictment are identical to Paragraphs 8 and 13 of the superseding indictment.

Law and Analysis

Defendant seeks an order excluding from the trial of this matter any evidence of the SEC investigation contending that such evidence is not relevant to the issue of defendant's knowledge of or his intent to obstruct the grand jury proceeding. Alternatively defendant urges that even if the evidence of the SEC investigation is relevant, that the admission of such evidence would be highly prejudicial, and therefore the evidence of the SEC investigation should be excluded.

"Relevant evidence" is that evidence which "has a tendency to make a fact more or less probable than it would be without the evidence" and which is a "fact of consequence in determining the action." Fed.R. Evid. 401. Rule 403 of the Federal Rules of Evidence permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger" of, among other things "unfair prejudice." "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilty on a ground different from proof of specific to the offense charged.'" *United States v. Perez-Solis*, 709 F.3d 453, 464 (5th Cir. 2013), quoting *Old Chief v. United* States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Evidence of the SEC investigation may constitute relevant evidence with respect to the issues of the foreseeability of a grand jury investigation and defendant's state of mind. However, such evidence can qualify as relevant evidence only if defendant knew about the SEC investigation prior to the dates of the criminal activity charged in the superseding indictment. Defendant urges that even if defendant had knowledge of the SEC civil investigation, evidence of that investigation is not relevant evidence with respect to whether defendant obstructed a federal grand jury proceeding. Knowledge that the SEC, an agency of the United States, is conducting a civil investigation could well be circumstantial evidence from which a jury could infer that an investigation by a federal

3

grand jury regarding the same or a related matter would be foreseeable.

The United States does not suggest that defendant had any knowledge of the subpoena issued by the SEC on August 10, 2010. However, the United States has asserted that "BP's relevant in-house attorney will testify at trial that, as a result of the June 23 subpoena, on or about June 28, 2010 [sic], she reached out to defendant and informed him . . . that the government had specifically requested his documents . . .." Doc. 276, pgs. 2-3. Therefore, the Court will permit the United States to introduce evidence of the SEC subpoena issued June 23, 2011, as redacted in Exhibit C attached to Doc. 276, *if* at trial the United States lays a proper foundation for that evidence by establishing that defendant was advised by counsel for BP that the SEC had issued that subpoena seeking his communications.

Assuming arguendo that the United States establishes a proper foundation for the admission of the SEC's June 23, 2011 subpoena, the Court finds that the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice Mr. Mix. Counsel for the United States has represented that the prosecution will not "argue for the defendant's conviction based on obstruction of an SEC investigation," nor would the Court permit any such argument to be made. Any potential for unfair prejudice resulting from submission of evidence of the June 23, 2011 SEC subpoena can be minimized by the Court instructing the jury, contemporaneous with the introduction of the challenged evidence, that the defendant is not charged with obstructing an SEC investigation and informing the jury of the limited purpose for which the evidence is admitted and for which it can be considered. Additionally, the Court notes that during closing argument, the defendant will have the opportunity to argue to the jury that the June 23, 2011 SEC subpoena did not influence the defendant's state of mind.

4

Accordingly, the motion to exclude evidence of the SEC investigation is granted to the extent that evidence of the SEC investigation other than the subpoena issued to BP June 23, 2011 shall be excluded at trial. The motion is denied , as this time, to the extent that it seeks to exclude evidence of the June 23, 2011 subpoena issued by the SEC to BP.

New Orleans, Louisiana, this 18th day of July, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE