UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K" |

### ORDER AND OPINION

Before the Court is the "Motion for an Order Requiring the Government to Provide a More Definite Description of the Evidence it Intends to Introduce Pursuant to Federal Rule of Evidence 404(b)" filed on behalf of defendant Kurt Mix (Doc. 257). Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned, denies the motion in part as set forth herein after, and defers its ruling on the remainder of the motion.

The Scheduling Order adopted by the Court on February 1, 2013, required the government not later than April 1, 2013, to provide the defendant with "Notice of Anticipated 404(b) Evidence. (Doc. 190 referring to Doc. 187). On March 31, 2013, the United States, provided counsel for defendant with a letter confirming that the government intended to introduce at trial evidence that Mr. Mix:

- Misled the government and quasi-governmental personnel regarding the flow rate of oil coming from the Macondo well, the likelihood of success of the Top Kill procedure, and the reason why Top Kill failed; and
- Misled BP's third-party vendor regarding the defendant's possession/destruction of evidence subject to the various legal holds that the defendant received.

Doc. 257-2, Ex. A. In that letter the government also stated that "this notice is being provided simply in an abundance of caution pursuant to the Scheduling Order in this matter." Id.

Defendant asserts that the government's notice containing only "generic descriptions" of his alleged "other bad acts" fails to satisfy the notice required by Federal Rule of Evidence 404(b)(2)(A). Doc. 257-1, p. 1-2. Defendant further contends that the government's general notice "leaves the defense with no ability to anticipate the actual *evidence* that the Government intends to introduce at trial and the Court with no way to determine whether evidence satisfies Rule 404(b)'s two-prong test for admissibility." Id. at p. 2. The government opposes the motion urging that none of the evidence covered by the notice qualifies as extrinsic evidence, and therefore the evidence not subject to Rule 404(b). Alternatively, the United States asserts that even if the evidence is extrinsic, the notice provided to the defendant satisfies the requirements of Rule 404(b)(2)(A).

The Court notes that subsequent to the filing of this motion, the government agreed to produce to defendant "the complete DOJ Deepwater Horizon criminal and civil databases." Doc. 396. The Court does not know whether the additional production agreed to by the United States impacts this motion in any way, but will assume that it does not unless notified differently by the parties.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving notice, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b)(2)(A) provides that upon a request by a defendant in a criminal case, the prosecutor must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." It is axiomatic that "[e]xtrinsic evidence must satisfy rule 404(b), whereas intrinsic evidence does not implicate Rule 404(b)."

*United States v. Williams*, 343 F.3d 423, 436 (5th Cir. 2003) (internal quotation and citation omitted). "Evidence of another act is intrinsic if it and evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* Intrinsic evidence "is admissible to complete the story of the crime by proving the immediate context of events in time and place." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (citing *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir. 1981); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992)). Thus, the Court's inquiry necessarily begins by determining whether the evidence described in the March 31, 2013 letter qualifies as intrinsic evidence or extrinsic evidence. To the extent that the evidence described in the letter is intrinsic evidence, no notice under Rule 404(b)(2)(A) is required.

The United States intends to introduce evidence that defendant "[m]isled the government and quasi-governmental personnel regarding the flow rate of oil coming from the Macondo well, the likelihood of success of the Top Kill procedure, and the reasons why Top Kill failed." Doc. 257-2. Ex. A. To the extent that the government is referring to defendant's alleged passive adoption of the allegedly misleading/false information presented by others at BP during the KWOP meeting, the Court has previously issued an Order and Opinion concluding that such evidence is intrinsic and Rule 404(b) is therefore inapplicable (Doc. 444). However, to the extent that the government has additional evidence that at other times the defendant "[m]isled the government and quasi-governmental personnel regarding the flow rate of oil coming from the Macondo well, the likelihood of success of the Top Kill procedure, and the reasons why Top Kill failed" the Court is unable, to determine whether Rule 404(b) and its notice requirement apply. The description provided by the United States fails to provide sufficient information for the Court to conduct the necessary analysis

3

to determine whether the evidence sought to be introduced by the government qualifies as intrinsic or extrinsic evidence. The Court cannot presume that the evidence is intrinsic. The government has not provided any indication of when the defendant allegedly misled the government and quasi-governmental personnel regarding the flow rate from the Macondo well, the likelihood of the success of Top Kill, or the reason why Top Kill failed, or under what circumstances the alleged acts by defendant occurred. Such information is essential to determine whether that additional evidence is extrinsic or intrinsic. Therefore, not later than **September 6, 2013**, the United States shall advise the Court whether it has additional evidence that at other times other than during the KWOP meeting on May 17, 2010, the defendant "[m]isled the government and quasi-governmental personnel regarding the flow rate of oil coming from the Macondo well, the likelihood of success of the Top Kill procedure, and the reasons why Top Kill failed." If the government's filing indicates that it has other such evidence, the government shall contemporaneously file a supplemental memorandum analyzing whether additional evidence qualifies as intrinsic or extrinsic evidence. If the government's response indicates that it has such additional evidence, defendant, shall have until not later than **September 13, 2013** to file a reply to the government's supplemental memorandum.

     The government has also stated to defendant its intent to introduce evidence that defendant "[m]isled BP's third-party vendor regarding the defendant's possession/destruction of evidence subject to the various legal holds that he defendant received." Doc. 257-2, Ex. A. That description does not provide a time frame for when defendant "[m]isled BP's third-party vendor" or suggest the type of evidence about which defendant allegedly misled BP's third-party vendor. As previously note, the Court cannot presume that such evidence is intrinsic. In fact, the Court notes that at first

4

glance, the evidence appears to be extrinsic.  However,  no definitive determination of the intrinsic or extrinsic nature of the evidence can be made absent additional information concerning the nature of the evidence and the time frame when the alleged misleading occurred.  Therefore, not later than **September 6, 2013** the United States shall file a supplemental memorandum providing sufficient additional information for the Court to assess whether the information related to the defendant's alleged misleading of BP's third-party vendors qualifies as  intrinsic or extrinsic evidence.  Defendant shall file a reply brief responding to the government's supplemental memorandum not later than **September 13, 2013.**

New Orleans, Louisiana, this 23nd day of August, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE