UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

### ORDER AND OPINION

Before the Court is the "Motion for Sanctions Pursuant to the Court's Supervisory Powers" filed on behalf of defendant Kurt Mix" (Doc. 261). Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 14, 2013, the Court, for the reasons assigned, DENIES the motion.

Defendant urges the Court to exercise its supervisory power and sanction the government for misrepresenting the facts of this case to the Court and failing to comply with the disclosure requirements of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). Specifically, the defendant points to statements by counsel for the government that "[n]obody [at BP] was sharing [information regarding Top Kill]," that "[i]t was a data free zone," and that there was "company-wide cover up."  The defendant also references the government's statement that Mr. Mix received an email dated May 27, 2010 from a BP engineer "mak[ing] clear that NO ONE, . . . is to get data files from Top Kill without permission from a senior executive at BP" to support his allegation that the United States has engaged in a pattern of making false representations. The United States denies that it has misrepresented any facts in the case. The government further asserts that it has satisfied its *Brady* obligation, and that the materials alleged by the defendant in this motion to constitute

*Brady* materials "fall outside the scope of the Court's <u>Brady</u> Order (Rec. Doc. 155) and therefore were not required to be produced." Doc. 357, p. 1. The Court's prior Order and Opinion granting in part defendant's 'Motion for an Order Requiring the Government to Produce Exculpatory Material Pursuant to *Brady v. Maryland* " (Doc. 155) provides in pertinent part:

> Defendant opines that the alleged *Brady* material sought would show that numerous people involved in the Macondo well incident, including other BP employees and agents and employees of the United States and various federal agencies, knew and had the same information regarding flow rates and Top Kill that Mr. Mix knew and had, and that given that knowledge by others, he had no plausible motive to "corruptly" delete the information. The mere fact that others involved in the Macondo well incident had the same knowledge regarding flow rates and Top Kill as Mr. Mix, does not in and of itself support a conclusion that the materials possessed by those individuals would be favorable to Mr. Mix and would therefore constitute material subject to disclosure under *Brady*. Without more, such material is not relevant to the issue of defendant's state of mind with respect to allegedly deleting the two text message strings. Such information can constitute *Brady* material, i.e., material "which may be favorable to the accused" only to the extent that Mr. Mix provided the information to agents and employees of the United States and various federal agencies or they provided information to him. To put it another way, the material which may be favorable to the accused with respect to his state of mind is only that material which Mr. Mix knew and shared with agents and employees of the United States and various federal or quasi-federal agencies and material which he knew agents and employees of the United States and various federal or quasi-federal agencies knew prior to the time of the alleged deletion of the test message strings. Materials in the form of statements, notes, and documents reviewed or prepared by BP personnel, government officials, employees and agents which were not shared with Mr. Mix cannot provide exculpatory evidence concerning Mr. Mix's intent.

Doc. 155, p. 6-7.

Law and Analysis

"Federal courts possess wide-ranging implicit authority incident to 'The Judicial Power.'" *Kenyon International Emergency Services, Inc. v. Malcolm*, 2013 WL 2489928 *6 (5th Cir. May 14, 2013) (quoting *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993). "Supervisory power, sometimes known as inherent power, encompasses those powers which, though 'not specifically required by the Constitution or the Congress,' *United States v. Hastings*, 461 U.S. 499, 505, 103 S.Ct. 1974, 1978, 76 L.Ed.2d 96 (1983), are nonetheless 'necessary to the exercise of all others.' *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)." *United States v. Horn*, 29 F.3d 754, 759 (1st Cir. 1994). That supervisory power includes the power to sanction. *See Kenyon International Emergency Services, Inc. v. Malcolm*, 2013 WL 2489928 *6. Defendant urges the Court to exercise its supervisory power to sanction the United States for the alleged factual misrepresentation identified above and for failing to fulfill its *Brady* obligation.

The Court has carefully reviewed the alleged misrepresentations by counsel for the United States. Considering counsel's challenged statements in context and in the totality of the circumstances of this litigation, the Court finds that counsel for the government did not act in bad faith in making the challenged statements and did not engage in a pattern of misrepresentation of the facts.

Turning to defendant's assertion that the United States failed to comply with its *Brady* obligation, the Court notes that a document specific analysis of defendant's contentions is not required. "Under *Brady* the prosecution has a duty to disclose to the defense exculpatory evidence that is material either to guilt or punishment." *Powell v. Quarterman*, 536 F.3d 325, 335 (5th Cir. 2008). However, neither the Federal Rules of Criminal Procedure nor case law establish a specific

pre-trial deadline for disclosing *Brady* material. In fact, *Brady* generally has a "backward-looking focus." *United States v. Garrett*, 238 F.3d 293, 303 (5th Cir. 2000).

> [W]hether a *Brady* violation has occurred, indeed whether the government even had a *Brady* obligation can only be determined after the trial is over. This is true because disclosure under *Brady* is required only if the evidence, but materiality can be judged only in hindsight, in the context of all the evidence presented.

*Id.*

The Court credits the representation by counsel for the United States that the materials identified by defendant as unproduced *Brady* material were not provided because the government did not construe those items as falling within the scope of *Brady* materials as defined in the Order and Opinion entered on December 11, 2012 (Doc. 155). Additionally, the Court finds no evidence of bad faith on the part of the United States in so construing the Court's order.

Moreover, and significantly, subsequent to defendant's filing of this motion, the United States agreed to provide defendant with "open file discovery." The government provided counsel for defendant with a list of all civil depositions and Form 302s in the government's applicable data bases and defense counsel identified from the listed items, those documents it wanted the government to produce. The United States also agreed to work with counsel for the defendant to craft a plan to permit defense counsel to search the entirety of the applicable data bases for documents sought by the defendant. Furthermore, the Court has granted the defendant's motion to continue the trial in this matter. That continuance provides the defendant with time to review the additional discovery being produced by the United States and to determine which such materials can be used effectively at trial in furtherance of Mr. Mix's defense. Considering the Court's determination that the United States did not engage in a pattern of misrepresenting the facts challenged by defendant or act in bad faith

in construing the Court's December 11, 2012 Order and Opinion and that the government has agreed to provide the defendant with open file discovery, the Court exercises its discretion and declines to sanction the government as sought by defendant. Accordingly, the "Motion for Sanctions Pursuant to the Court's Supervisory Powers" filed on behalf of defendant Kurt Mix" (Doc. 261) is DENIED.

New Orleans, Louisiana, this 5th day of September, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE