UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CIVIL ACTION

VERSUS                                                  NO. 12-171

KURT E. MIX                                             SECTION "K"

## ORDER AND OPINION

Before the Court is the "Motion for an Order Requiring the Government to Provide a More Definite Description of the Evidence it Intends to Introduce Pursuant to Federal Rule of Evidence 404(b)" filed on behalf of defendant Kurt E. Mix (Doc. 257). In this motion defendant seeks more specific information concerning the evidence identified by the government in its March 31, 2013 letter to counsel for defendant filed to comply with a Court imposed deadline to provide the defendant with "Notice of Anticipated 404(b) Evidence." In that March 31, 2013 letter, the United States confirmed that it intended to introduce at trial evidence that Mr. Mix:

- [m]isled the government and quasi-governmental personnel regarding the flow rate of oil coming from the Macondo well, the likelihood of success of the Top Kill procedure, and the reasons why Top Kill failed; and
- [m]isled BP's third-party vendor regarding the defendant's possession and destruction of evidence subject to the various legal holds that the defendant received.

Doc. 257-2, Ex. A. In that letter the government stated that "this notice is being provided simply in an abundance of caution pursuant to the Scheduling Order in this matter." Id.

The Court previously denied this motion in part[1] and deferred ruling on the remainder of the

---

[1] The Court noted that it had previously issued an Order and Opinion (Doc. 444) concluding that evidence of defendant's alleged passive adoption of allegedly misleading/false information presented by others at BP during the KWOP meeting constituted intrinsic evidence

motion. With respect to the first category of evidence, the Court ordered the United States to state whether it had any such evidence other than that involving the KWOP meeting and if so to, "to file a supplemental memorandum analyzing whether [that] additional evidence qualified as intrinsic or extrinsic evidence." Doc. 447, p. 3-4. With respect to the second category of evidence identified by the government, the Court concluded that "no definitive determination of the intrinsic or extrinsic nature of the evidence can be made absent additional information concerning the nature of the evidence and the time frame when the alleged misleading occurred." Doc. 447, p. 5. The Court ordered the government to file supplemental briefing "providing sufficient additional information for the Court to assess whether the information related to the defendant's alleged misleading of BP's third-party vendors qualifies as intrinsic or extrinsic evidence." Id.

In its supplemental memorandum, the United States indicated that it intends to introduce evidence that:

- the defendant helped prepare a slide contained in a May 23, 2010, Top Kill presentation that was provided to, among others, "the Secretary of the Interior that included an assumed flow rate from the [Macondo] well of 10,000 BOPD and indicated that the assumed flow rate was based on work done by the defendant";
- Mr. Mix "was in the control room during the Top Kill procedure, yet he again failed to raise the flow rate discrepancy";
- "defendant did not share with the government his observation during Top Kill that it was failing because the flow rate was too high and the orifice was too big";
- "prior to Top Kill, the defendant worked on (either alone or with other individuals) or had knowledge of internal BP data or models supporting flow rates higher than 15,000 BOPD";
- "prior to and during Top Kill, the defendant believed that flow rates were higher than 15,000 BOPD"; and

---

and Rule 404(b) was not applicable.

- "at any time prior to the Top Kill, including but not limited to the KWOP meeting, the defendant failed to disclose any of the internal data or models supporting flow rates higher than 15,000 BOPD, or his belief that Top Kill would fail because the flow rate was too high";

Doc. 471, p. 9-10.

With respect to the defendant's alleged misrepresentations to BP's document vendor, the United States advised that it intends to introduce evidence relevant to Count 1 that:

- Mr. Mix told the document vendor that he did not have any voicemails on his iPhone that may be relevant to this matter;
- the document vendor's representative asked defendant "whether there were any other locations beyond his computer files where potentially relevant electronically stored information as defined in the legal hold order may be saved"; and
- defendant falsely stated that there was not another such location.

Doc. 471, p. 5. The government contends that defendant's statement was false because Mr. Mix knew that he had "relevant electronically stored information on his iPhone." Id.

The government further responded in its supplemental disclosure that, with respect to Count II, it intends to introduce evidence that when defendant met with a representative of BP's vendor, on August 22, 2011, defendant allegedly falsely stated that he had "nothing on his [iPhone] now for Macondo" and that he allegedly, falsely advised the vendor that he deleted the messages because of "build-up." Additionally, the government intends to introduce evidence that during the August 22, 2011 meeting with BP's vendor, defendant failed to advise the vendor's representative that approximately two days earlier he deleted voicemails and text messages from Contractor and that he had previously deleted an entire string of text messages with Supervisor.

Defendant filed this motion to obtain a more definite description of the evidence identified

in the government's March 31, 2013 letter contending that the evidence constituted extrinsic evidence and therefore Rule 404(b) of the Federal Rules of Evidence required that it be identified with more specificity than the government initially provided. Defendant's indignant response, filed in response to the government's supplemental disclosure, is not specifically responsive to the government's supplemental disclosures, but rather focuses on the non-admissibility of the evidence disclosed by the government. In analyzing this motion, it was not the task of the Court to rule on the admissibility of the evidence, but rather to determine whether the evidence was extrinsic or intrinsic. Because the United States' provided the defendant with specifics about the evidence the government intends to introduce at trial, defendant's motion with respect to that evidence is moot, and the Court need not determine whether the challenged evidence constitutes intrinsic or extrinsic evidence. Therefore, the motion is DENIED as moot.

Defendant's motion, as filed, did not seek a ruling on the admissibility of any evidence , and the Court makes no ruling on admissibility. However, defendant's response to the government's supplemental disclosures clearly challenges the admissibility of the evidence disclosed by the government in its supplemental disclosures. The Amended Scheduling Order entered by the Court on May 29, 2013 established September 17, 2013 as the deadline for filing motions in limine for "Submission of Final Motions in *Limine* Related to Evidence Discovered or Produced Subsequent to May 16, 2013 or New Issues Related to Evidence Discovered Subsequent to May 16, 2013 (Doc. 408). Because defendant filed his response challenging the admissibility of evidence revealed in the government's supplemental disclosure prior to the deadline for filing motions in limine, and the deadline for filing any such motion has now passed, the Court will construe defendant's "Response to the Government's Supplemental Disclosure of Supposed "Other Bad Acts" Evidence " (Doc. 477-

1) as a motion in limine.  The government shall file its opposition to that motion in limine not later than September 24, 2013.  Defendant may file a reply to the government's opposition memorandum not later than September 30, 2013.  The motion will be considered submitted on October 2, 2013.

The Court notes that some of the evidence listed by the government in its supplemental disclosure may be problematic with respect to whether the evidence is relevant.  For instance, relevance may be disputed with respect to evidence that defendant "was in the control room during the Top Kill procedure, yet he again failed to raise the flow rate discrepancy"; that "defendant did not share with the government his observation during Top Kill that it was failing because the flow rate was too high and the orifice was too big"; that the document vendor's representative asked defendant "whether there were any other locations beyond his computer files where potentially relevant electronically stored information as defined in the legal hold order may be saved"; and that defendant allegedly falsely stated that there was not another such location.  Doc. 471, p. 5.

Even if the government establishes the relevance of the evidence, it would still need to establish that the probative value of the evidence is not substantially outweighed by undue prejudice to Mr. Mix.

The Court further advises the government that with respect to the evidence of the slide deck, if the evidence is to be admissible, the government will have to establish, among other things, a proper foundation for that evidence consistent with the Court's prior rulings, e.g., that Mr. Mix in fact helped prepare the slide deck a slide within the deck, or knew that his information was being used in the slide, **and** that he knew that the slide deck was being distributed to government or quasi-governmental personnel.

New Orleans, Louisiana, this 19th day of September, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE