UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                         CRIMINAL ACTION

VERSUS                                                                         NO. 12-171

KURT E. MIX                                                                  SECTION "K"

## ORDER AND OPINION

Before the Court is the "Motion to Preclude the Government From Introducing Evidence or Argument Concerning Defendant's Supposed State of Mind at Times Other Than October 4, 2010 and August 20, 2011" filed on behalf of defendant Kurt E. Mix (Doc. 439).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned,  DENIES the motion.

Defendant cites the Court's August 5, 2013 Order and Opinion granting in part and denying in part defendant's "Renewed Motion to Preclude Proposed Expert Testimony" (Doc. 438) in urging the Court to preclude the United States from introducing evidence or argument concerning his state of mind at times other than October 4, 2010 and August 20, 2011, the dates of the alleged deletions forming the basis of the criminal charges against defendant. Defendant construes the Court's August 5, 2013 Order and Opinion too broadly.  That Order and Opinion addressed the admissibility of certain expert testimony sought to be introduced by the United States.  The Court never intended that Order and Opinion to be construed to preclude any evidence other than that specifically addressed therein. In fact, the Court has previously indicated that defendant's construction of the August 5, 2010 Order and Opinion is too broad.  Defendant previously filed a "Motion in *Limine* to Exclude Evidence of Argument Regarding Supposed Misconduct of Others at BP" (Doc. 256).  In addressing that motion, the Court concluded, in pertinent part, that "[d]efendant's alleged passive adoption of the allegedly misleading or false statements made by others at BP during the KWOP meeting is

relevant as his action or [inaction] during the KWOP meeting is relevant to his state of mind at the time of the deletions forming the basis for the pending criminal charges." The Court followed that conclusion with at footnote stating:

> The Court notes that in a recently filed motion (Doc. 439), the defendant's counsel, quoting from the Order and Opinion filed August 5, 2013 (Doc. 438), urges that the defendant's state of mind other than on October 4, 2010 and August 20, 2011 is not relevant.
> > In that same Order and Opinion the Court stated:
> > > The issue concerning flow rate and Top Kill may be pertinent to the various inquiries conducted by governmental agencies, including that which was ongoing by the Securities and Exchange Commission, to determine whether BP intentionally led the government to believe that the flow rate from the Macondo well following the blowout was less than the flowrate represented in calculation possessed by BP. Additionally, the focus of any "foreseeable" grand jury proceeding or other proceeding at that time was not whether calculating was a precise science when there are unknown variables in the calculation equation, but rather whether the flowrates disseminated by BP were artificially lower than the flowrates calculated by BP. To put it another way, if there had been no concerns about whether BP was intentionally under reporting the flowrate from the Macondo well, there would not have been an investigation as to the flowrate calculations.
> > Clearly, the actions and/or inactions of Mr. Mix during a meeting with the government, such as the KWOP meeting, may well be relevant to his state of mind at the time of the alleged deletions. Subsequent to the KWOP meeting there were ongoing investigations concerning, among other things, whether the amount of flow was intentionally understated by BP. Therefore, to the extent that Mr.

>Mix had knowledge of these investigations there are facts for a jury to decide whether he acted with corrupt intent and further whether he was "obstructing" a foreseeable proceeding.

Doc. 256, p. 6-7. The above cited footnote addresses why Mr. Mix's intent on days other than the dates of the alleged deletions may be relevant. Therefore, the Court denies defendant's motion.

New Orleans, Louisiana, this 25th day of September, 2013.

*[signature]*

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE