UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              NO. 12-171

KURT E. MIX                                                    SECTION "K"(1)

## ORDER AND REASONS

Before the Court are the following motions:

1) Defendant's Motion *In Limine* to Preclude the Government From Eliciting From Its Forensic Expert Undisclosed Opinions, Untimely and Inadequately Disclosed Hearsay, and Supposed Facts Regarding BP's Information Technology Network of Which There is No Evidence Kurt Mix was Aware (Doc. 480);

2) Defendant's Motion *In Limine* to Preclude the Government from Eliciting Undisclosed, Unreliable and Irrelevant Opinion Testimony Regarding Flow Rate and Top Kill (Doc. 481);

3) Defendant's Motion *In Limine* to Preclude the Government from Asking Fact Witnesses to Offer Lay Opinions on the Materiality of Mix's Text Messages, to Answer Hypothetical Questions About Flow Rate and Top Kill, or to Testify to Facts Beyond Their Personal Knowledge (Doc. 482);

4) Defendant's Motion *In Limine* to Preclude the Government From Eliciting Inadmissible Lay Opinion Testimony Regarding Statements Supposedly Made by Kurt Mix (Doc. 483);

5) Defendant's Motion *In Limine* to Preclude the Government From Suggesting that Kurt Mix was a Target or the Focus of a Federal Investigation into the Macondo Incident (Doc. 484);

6) Defendant's Motion *In Limine* to Preclude the Government From Referencing Any Alleged Text Message Deletions by Supervisor (Doc. 485);

The Court will address these motions seriatim.

    1)    **Defendant's Motion *In Limine* to Preclude the Government From Eliciting From Its Forensic Expert Undisclosed Opinions, Untimely and Inadequately Disclosed Hearsay, and Supposed Facts Regarding BP's Information Technology Network of Which There is No Evidence Kurt Mix was Aware (Doc. 480);**

In this motion, focusing on an April 3, 2013 letter from the United States Attorney concerning disclosures regarding the expert testimony of Jeffrey Bolas, defendant raised issues as to Paragraphs 1-5 and 6-13 of the letter. In his Reply Memorandum, based on the following representations, defendant Mix admits that this motion is moot because:

    a.    As to Paragraphs 1 and 2, the Government has agreed that it will not seek to present evidence at trial regarding the inner-workings of BP's backup tapes and e-mail journaling system;

    b.    As to Paragraphs 3, 4 and 5 and the Government's intention to present testimony that text messages and voicemails did not go through BP's network server, the Government has represented that the basis of its witness's testimony is that of personal knowledge and that this witness will not offer any opinions regarding this issue;

    c.    As to Paragraph 6,7, 9, 10, 11, 12 and 13, the Government has represented that its witness will not offer any opinions about the location of certain files on Mix's computer but will point out as a factual matter that certain files were located in certain folders.

There remains only one issue outstanding and that is with respect to Paragraph 8 which pertains to a document folder called "presentation\04 June 2010 Data Call for Well Intercept and Hydraulic Kill Teams\Section 5" with a document entitled "A Top Kill Analysis rev 5.ppt .

therein.  The Government likewise stated that Mr. Bolas will testify that the defendant received the document on the date listed at the location named.  Thus, to the extent that Mr. Bolas' testimony is so limited, the Court finds the motion moot as well.

However, the defendant seeks to preserve and the Government agrees that any objection to the relevance of this document is preserved for trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion *In Limine* to Preclude the Government From Eliciting From Its Forensic Expert Undisclosed Opinions, Untimely and Inadequately Disclosed Hearsay, and Supposed Facts Regarding BP's Information Technology Network of Which There is No Evidence Kurt Mix was Aware (Doc. 480) is **MOOT** with the caveat that the defendant shall not be precluded from objecting to the relevance of the document referenced in Paragraph 8 as discussed above.

2)  **Defendant's Motion *In Limine* to Preclude the Government from Eliciting Undisclosed, Unreliable and Irrelevant Opinion Testimony Regarding Flow Rate and Top Kill (Doc. 481)**

Defendant seeks to preclude the Government from eliciting any opinion testimony not already disclosed that depends upon "scientific, technical, or other specialized knowledge as contemplated under Fed. R. Evid 701 and 702.  The Court has reviewed this motion and finds that it has not been provided with a sufficiently coherent context upon which to base a ruling. Accordingly,

**IT IS ORDERED** that the Court **DEFERS** ruling on this motion.

However, the Court notes that no lay witness may ever give testimony that is in the realm of expert testimony. There will be no expert witness in lay witness sheep's clothing. Nonetheless, an expert witness who has complied with the appropriate discovery rules can opine concerning his opinion as to whether the calculations performed by Mix could demonstrate a flow rate over 15,000 barrels.

3) **Defendant's Motion *In Limine* to Preclude the Government from Asking Fact Witnesses to Offer Lay Opinions on the Materiality of Mix's Text Messages, to Answer Hypothetical Questions About Flow Rate and Top Kill, or to Testify to Facts Beyond Their Personal Knowledge (Doc. 482)**

In this motion, defendant moves the Court to preclude the Government from (1) eliciting from fact witnesses irrelevant lay opinions regarding the importance or materiality of Mix's text messages and voicemails, (2) asking fact witnesses to answer hypothetical questions regarding flow rate and Top Kill and (3) having FBI case agents testify to facts beyond their first hand personal knowledge, *see* Fed. R. Evid. 602, or on grand jury matters with respect to which the Government has not made the required pre-trial disclosures, *see* Fed. R. Crim. P. 16(a)(1)(C). The Court will address each of the issues implicated.

### Materiality of Mix's Text Messages

As to lay opinions that defendant seeks to prevent being offered concerning the significance, importance or materiality of Mix's text messages, the motion is moot as the Government has agreed that it will not pursue this line of questioning. The Court would note however, that to the degree that a witness will be asked to explain "jargon" contained in a text message, such witness shall be allowed to do so provided that a proper foundation is laid.

**Flow Rate and Top Kill**

As to lay opinion concerning flow rate and Top Kill, the Court has previously ruled that what the defendant said or did not say at the KWOP meeting is relevant to the extent that such act or omission relates to a flow rate determination. The Court also finds that it is relevant to ask a party who attended the meeting whether the amount of flow rate was important and why.

However, such questions can neither be based on an assumption that Mix did or did not share information nor predicated on any alleged omission by Mix. The questions must be based on facts. Moreover, any question that is unduly speculative will not be allowed. The Court will make such a determination in the context of the trial. In the event that the a question is speculative in nature–e.g.–what a witness would or would not have done with such knowledge– shall not be allowed. However, with an appropriate foundation, a person shall be allowed to testify concerning his or her understanding of the Top Kill operation, its parameters and its importance.

Moreover, the Court has already held that the state of mind of Mr. Mix at that meeting may be relevant as to his alleged deleting of certain messages **after** the issue of flow rate became the subject of investigations. Thus, the Court will grant in part and deny in part the motion in this regard.

**FBI Case Agent Testimony Based on Personal Knowledge**

The Court shall allow a case agent to read the texts in question to the jury; however, a case agent shall not be allowed to testify as to the materiality or the significance of any text. That inquiry is within the purview of the jury. To that extent, the motion is granted.

**Foreseeability of Grand Jury Proceeding**

Unless the testimony of a case agent with respect to Grand Jury proceedings has relevance as to whether it was reasonably foreseeable that there would be an official proceeding concerning Top Kill and flow rates, such testimony will not be allowed.  Nonetheless, this Court in its July 18, 2013 ruling found that, provided that a proper foundation for the SEC June 23, 2011 subpoena is laid, the probative value thereof does not substantially outweigh the danger of unfair prejudice to Mr. Mix.  (Doc. 433 at 4 of 5).  Thus, there may be relevance in some regard for such testimony.

Thus, the Court will defer a specific ruling concerning this area until trial. The Court instructs counsel that he or she will invoke a bench conference before eliciting testimony in this realm.  These issues are too opaque for the Court to make a definitive ruling.  By this Order, the Court seeks only to give guidance as to its expectations in this regard.  Because the Court is uncertain as to what evidence emanated from the Grand Jury proceeding itself, it is impossible for the Court to rule on this motion at this time.

**Coordination Between the DOJ and SEC**

Likewise, as to possible testimony by a case agent concerning coordination between the SEC and the DOJ, the Court will defer ruling as again it is unclear what the Government intends to introduce other than the SEC subpoenas and an inform SEC document request.  Counsel is again instructed to invoke a Bench Conference prior to eliciting testimony in this regard. Accordingly,

**IT IS ORDERED** that Defendant's Motion *In Limine* to Preclude the Government from Asking Fact Witnesses to Offer Lay Opinions on the Materiality of Mix's Text Messages, to Answer Hypothetical Questions About Flow Rate and Top Kill, or to Testify to Facts Beyond Their Personal Knowledge (Doc. 482) is **MOOT** as to lay opinions that defendant seeks to prevent being offered concerning the significance, importance or materiality of Mix's text messages as per the Government's agreement, with the caveat that such questions must be based on fact.

**IT IS FURTHER ORDERED** as to lay opinion concerning flow rate and Top Kill**,** the motion is **GRANTED** in part and **DENIED** in part as outlined above.

**IT IS FURTHER ORDERED** that as to FBI Case Agent Testimony Based on Personal Knowledge, the motion is **GRANTED** as outlined above.

**IT IS FURTHER ORDERED** that as to Foreseeability of Grand Jury Proceeding and Coordination Between the DOJ and SEC, Court **DEFERS** ruling as explained above.

**4)    Defendant's Motion *In Limine* to Preclude the Government From Eliciting Inadmissible Lay Opinion Testimony Regarding Statements Supposedly Made by Kurt Mix (Doc. 483)**

Defendant moves the Court to preclude the Government from eliciting inadmissible lay opinion testimony that speculates about (1) the meaning of certain statements supposedly made by Mix during and after the Macondo response effort, and (2) what Mix might have been thinking or feeling when he made certain statements. The Court will defer ruling on this motion as it cannot anticipate what speculative questions will be asked about the perception of a witness with respect to some undefined statement of Mr. Mix's.

However, the Government is instructed again to request a bench conference before any such question is asked as it is the Court's inclination to allow Mix's statements to speak for themselves.  Moreover any question requiring technical or scientific responses to ascertain the meaning of a witness's perception or understanding of Mix's response may venture into expert testimony.  Accordingly,

**IT IS ORDERED** that a ruling on the  Motion *In Limine* to Preclude the Government From Eliciting Inadmissible Lay Opinion Testimony Regarding Statements Supposedly Made by Kurt Mix (Doc.  483) is **DEFERRED** to trial.

5) **Defendant's Motion *In Limine* to Preclude the Government From Suggesting that Kurt Mix was a Target or the Focus of a Federal Investigation into the Macondo Incident (Doc.  484)**

Defendant moves the Court for an order precluding the Government from suggesting to the jury that Mix was a target or the focus of a federal investigation into the Macondo incident itself as distinct from the separate investigation into whether Mix corruptly deleted messages from his iPhone after the flow of oil was stopped and the Macondo Well was permanently killed.  The Court finds some merit in this motion.  Accordingly,

**IT IS ORDERED** that the Defendant's Motion *In Limine* to Preclude the Government From Suggesting that Kurt Mix was a Target or the Focus of a Federal Investigation into the Macondo Incident (Doc.  484) is **GRANTED** to the extent that the Government is precluded from offering any evidence or argument at trial suggesting that Mix was the **target** of a federal criminal investigation into the Macondo incident.

**6)** **Defendant's Motion *In Limine* to Preclude the Government From Referencing Any Alleged Text Message Deletions by Supervisor (Doc. 485)**

In this motion, defendant seeks to have the Court preclude the Government from eliciting at trial that SUPERVISOR may have deleted from his iPhone certain text messages that he exchanged with Mix in April of 2010. The Court has previously held that the 17 deleted text messages are admissible and relevant in its July 17, 2013 Order and Opinion (Doc. 432) to prove the fact that the messages were unrecovered. In that ruling, the Court noted that there could be potential for unfair prejudice to defendant and as such stated that it will issue a limiting instruction to the jury with respect to this evidence. It is within that context that the Court finds this motion to have merit.

The probative value of evidence that the supervisor deleted these texts is outweighed by its potential prejudicial effects. The jury simply needs to know the messages in question were unrecovered. Accordingly,

**IT IS ORDERED** that Defendant's Motion *In Limine* to Preclude the Government From Referencing Any Alleged Text Message Deletions by Supervisor (Doc. 485) is **GRANTED** and a limiting instruction concerning this evidence shall be delivered at the appropriate time.

New Orleans, Louisiana, this 23rd day of October, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE