UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

### ORDER AND REASONS

Before the Court is **Defendant's Motion In Limine to Preclude the Government from Lodging Newly-Minted Insinuations of Uncharged "Kinkos Misconduct" (Doc. 573)**. Defendant maintains that it appears that the Government is seeking to insinuate that Kurt Mix, either alone or in concert with others, engaged in uncharged misconduct with respect to the copying of a "project book" at Kinkos between August 17 and August 26, 2011. During a hearing which occurred on November 19, 2013, this issue was broached in the context of the demonstrative exhibits which the United States intends to use during its opening. To the extent that the Court is ruling on that portion of **Defendant's Objections to the Government's Proposed Trial Demonstratives, (Doc. 594),** this ruling will address those objections concerning Mr. Arabie as well.[1]

It is clear to the Court, as stated by the Government at that hearing, that it is not alleging and has not alleged a criminal conspiracy with respect to the actions surrounding the project book and the copying of it at Kinkos. Moreover, the Government stated that it does not have any evidence about any misdeeds with respect to the project book (which was eventually turned over for collection on August 26, 2011) or any evidence that Mix and Arabie had a plan to alter the project book in a criminal manner.

---

[1] The remaining issues raised by defendant to other demonstratives will be addressed in a subsequent ruling.

As such, the prejudicial effect as to argument concerning the timing of texts and voicemails between Mix and Arabie outweighs the probative value of such based on the Governments inability to articulate or provide evidence of any nefarious connection.  As such, the Court grants defendant's motion in so far as the Government is precluded from "insinuations" of criminal conspiratorial activity with respect to the project book during opening.  Furthermore, in relation to defendant's objections to demonstrative evidence,  all of the following notations on the Count 2 opening demonstratives shall be removed:

August 17:     12:30 p.m. Mix and Arabie lunch (scheduled)

August 18:     3:07 Arabie call Mix (Missed)

   3:09 p.m.- 4:22 p.m. Arabie and Mix text

August 19:      11:45 a.m. -11:54 a.m. Arabie and Mix text

   12:55 pm-12:57 p.m Arabie and Mix call

   1:20 p.m-1:33 p.m Arabie and Mix call

Moreover, the entry for August 20 concerning deletions by Mix of all of Arabie's texts must include the fact that such deletions were simultaneous.

However, the Court recognizes that the Government has the right to elicit testimony from Mr. Arabie through examination concerning his activities as they concern Mr.  Mix, including the project book.  In the event that evidence is adduced at trial through testimony of Arabie or others who have direct personal knowledge as to the project book, voice messages, or text messages that relate to the charges against Kurt Mix, the Court will hear argument as to whether such evidence may be appropriate to discuss in closing arguing.  Accordingly,

**IT IS ORDERED** that the Defendant's Motion In Limine to Preclude the Government from Lodging Newly-Minted Insinuations of Uncharged "Kinkos Misconduct" (Doc. 573) is **GRANTED** in part and **DENIED** in part as outlined above.

**IT IS FURTHER ORDERED** that the Defendant's Objection to the Government's Demonstratives to be used during opening with respect to notations concerning Arabie shall be removed as ordered above.

New Orleans, Louisiana, this 21st day of November, 2013.

STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**