UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS                                                                         NO. 12-171

KURT E. MIX                                         SECTION "K"(1)

## ORDER AND REASONS

Before the Court is the United States' Motion *In Limine* to Preclude Improper Summary Evidence. (Doc. 561). The Government contends that the defendant has belatedly disclosed to the Government and the Court more than 13,000 documents that he seeks to have witnesses "summarize" at trial. It argues that this is "simply thinly-disguised expert opinion testimony, which this Court has already limited." The focus concerns a summary witness and his anticipated testimony concerning Kurt Mix's preservation and archiving of thousands of Macondo-related documents that he generated, sent, and/or received during and after the Macondo response effort.

Defendant maintains that his expert witness, Terry Payne, will use the same custodial file which included all of the same forensic images of Kurt Mix's BP laptop computer which the Government has possessed for two years in rendering his summary evidence. Mr. Payne will also objectively explain to the jury complex engineering terms contained in the documents and objectively explain whether the document's content relates to the particular subject matters of flow rate and Top Kill. Limiting his testimony in this manner, the Court finds the Government's motion is ill-conceived.

This Court ruled on August 5, 2013, on the Government's Renewed Motion to Preclude Proposed Expert Testimony (Doc. 438) and, *inter alia*, limited Mr. Payne's testimony as to his comparison between the allegedly corruptly deleted text messages and the documents preserved

by Kurt Mix and produced to the BP legal team to "explanations of the complex engineering terms, jargon and acronyms used in those materials.  (Doc. 438 at 10-11 of 12).  From the defendant's description of the anticipated testimony, the Court finds that the proposed summary witness testimony fits within that rubric.

Federal Rule of Evidence 1006 provides in relevant part, "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."  Pursuant to the rule, it appears that the primary evidence used to construct the charts have been made available to the Government, and the person who prepared the charts is available for cross-examination.  Therefore, in order to lay a proper foundation, the defendant must make a showing that the charts are based on competent evidence, and the Court will instruct the jury concerning their consideration of the charts.  *United States v. Winn*, 948 F.2d 145, 159 (5th Cir. 1991).  Accordingly,

**IT IS ORDERED** that the United States' Motion *In Limine* to Preclude Improper Summary Evidence (Doc. 561) is **DENIED**.

New Orleans, Louisiana, this 22nd day of November, 2013.

                                                STANWOOD R. DUVAL, JR.
                                  UNITED STATES DISTRICT COURT JUDGE