UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

AMENDED ORDER AND REASON

Before the Court is a Motion in Limine as construed by the Court with respect to Defendant's Response to the Government's Supplemental Disclosure of Supposed "Other Bad Acts" Evidence. (Doc. 479). In response to this memorandum, the Court found that this pleading in essence required the Court to address the issue of admissibility of certain evidence in the context of Fed. Rule 404(b). (Rec. Doc. 493). There are four categories of evidence to be addressed which include:

1. the use of a May 23, 2010 slide deck to allegedly demonstrate that Kurt Mix misled government officials;

2. the alleged failure of Mr. Mix to "raise the flow rate discrepancy" in the BP Control Room during Top Kill;

3. the alleged "lies" told by Mr. Mix to the vendor with respect to the September 27, 2010 interview; and

4. the alleged "lies" told by Mr. Mix to the vendor with respect to the August 22, 2011 collection interview.

As the Court has noted previously, "evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged. *United States v. Impastato*, 535 F. Supp.2d 732, 736 (E.D. La. 2008) citing *United States v. Yi,* 460 F.3d 623, 632 (5th Cir.). As such, intrinsic

evidence is generally admissible "so that the jury may evaluate all the circumstances under which the defendant acted." *Impastato*, 535 at 736 citing *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992). Otherwise, if the evidence is extrinsic to the crime charged Rule 404(b) is implicated.

Rule 404(b) of the Federal Rules of Evidence provides in relevant part:

> **(b) Crimes, Wrongs, or Other Acts**
>
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses; Notice in a Criminal Case.**
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan knowledge identity, absence of mistake or lack of accident.

Evidence that is extrinsic to the alleged crimes thus may be admitted, but only after being qualified under the two-step test prescribed in *United States v. Beechum*, 582 F.2d 989, 922 (5th Cir. 1948). Under *Beechum*, "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403," *Id.*

With this framework in mind, the Court will now examine each category.

1. **The Use of a May 23, 2010 Slide Deck to Allegedly Demonstrate that Kurt Mix Misled Government Officials**

The Court finds that this evidence might be probative as to Mr. Mix's state of mind when he allegedly deleted the data as alleged because this evidence might go to prove that Mr. Mix had prepared information upon which the Government would rely in its approval of Top Kill

when he knew the information was wrong.  This evidence thus could be probative of motive for his alleged defalcations.  Moreover, the Court finds that this evidence's probative value outweighs its prejudicial nature.

However, as the Court has previously noted, in order for this evidence to be admissible, the Government must lay an adequate foundation by demonstrating (1) that Mr. Mix in fact helped prepare the subject slide within the deck, or knew that his information was being used in the slide and (2) that he knew the slide deck was being distributed to government or quasi-governmental personnel.  The Court notes that the facts as alleged by the United States and by Mr. Mix with respect to the circumstances surrounding this evidence are totally at odds.  Thus, the Court will have to make a final determination at trial.  Accordingly,

**IT IS ORDERED** that the Motion in Limine is **DENIED** as to the Government's use of a May 23, 2010 slide deck to allegedly demonstrate that Kurt Mix misled Government officials provided the Government lays a proper foundation as outlined above.

### 2. The Alleged Failure of Mr. Mix to "Raise the Flow Rate Discrepancy" in the BP Control Room during Top Kill

The Court finds that pretermitting the relevance of this evidence, the prejudicial nature of Mix's alleged failure outweighs the probative weight thereof.  At this point in time, Top Kill was already proceeding; the horse was "out of the barn" so to speak.  As such, this evidence is different from the intrinsic evidence the Court will allow to be adduced concerning the KWOP meeting.  Accordingly,

**IT IS ORDERED** that the Motion in Limine is **GRANTED** with regard to the alleged failure of Mr. Mix to "raise the flow rate discrepancy" in the BP Control Room during Top Kill.

### 3. The Alleged "Lies" Told by Mr. Mix to the Vendor with Respect to the September 27, 2010 Interview

The United States stated that at the September 27, 2010, Vendor meeting:

> . . . the defendant acknowledged that he had an iPhone that he used for company business.  When asked whether he had any voicemails on his iPhone that may be relevant to this matter, he stated that there were not.  When asked whether there were any other locations beyond his computer files where potentially relevant electronically stored information as defined in the legal hold order may be saved, the defendant falsely stated that there were not.  This statement was false because, as the defendant knew, he had relevant electronically stored information on his iPhone.

(Doc. 472, Page 5of 14).  Defendant filed his "Response" which on September 19, 2013, the Court construed as a Motion in Limine concerning other bad acts and ordered the Government to file an"opposition" to it.  (Doc. 493).

The Government filed its response (Doc. 519) in which it characterized the "false statements" as follows:  "During that meeting, the defendant was asked whether there were any other locations beyond his computer files where potentially relevant electronically stored information as defined in the legal hold order may be saved.  In response, the defendant falsely stated that there were not."

The Court has reviewed Exhibit A to the Motion in Limine/Response (Rec. Doc. 479) which is styled "BP Litigation Case Management Custodian Interview Questionnaire."  This document was used by Frances Hoe, a vendor, to memorialize the subject September 27, 2010, meeting with Mr. Mix.  Addressing the Government's contention that this document can be used to demonstrate that the defendant lied in his response as to whether there were any other locations beyond his computer files where potentially relevant electronically stored information as to text messages were saved, this document cannot be characterized in this manner.  (See

Question 21 of Part III at page 7 of 12 of Doc. 479-1).  Given the breadth of the preceding questions of the Questionnaire and that Mr. Mix had informed the Vendor that he had an iPhone, his negative answer as to whether there were "any other locations where potentially relevant electronically stored information per LHO definition may be saved" was reasonable since any text messages of Mr. Mix's would have been on the iPhone which he had acknowledged that he had.  Moreover, none of the questions specifically referenced the existence of text messages per se.

However, to the extent that there may be other evidence/testimony in this vein, that is sought to be elicited from Vendor Hoe, with respect to the iPhone and text messages, then the Court will render a ruling at a Bench Conference as to such admissibility after a proper foundation is laid.  Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** as to it being used to argue that it constitutes proof of Mr. Mix providing false information with respect to his answer to Question 21 of Part III.

**IT IS FURTHER ORDERED** that the Court defers ruling as to any other evidence to be elicited from Vendor Hoe as explained above.

### 4. The Alleged "Lies" told by Mr. Mix to the Vendor with Respect to the August 22, 2011 Collection Interview

The Second Superseding Indictment alleges that Mr. Mix had agreed to meet with representatives of the Vendor on August 22, 2011 at which time he would provide the Vendor with his phone. (Doc. 424 at ¶ 15). It is further alleged that on August 20, 2011, Mr. Mix deleted from his iPhone all texts with CONTRACTOR, as well as one voicemail from SUPERVISOR, one voicemail from CONTRACTOR , and one voicemail from a telephone call that went through BP's general switchboard. (Doc. 424 at ¶16). Moreover, as background, it is alleged that at the time of the meeting when Mr. Mix turned over his iPhone, he admitted to attorneys for BP that he had deleted from his iPhone some text messages and voicemails, including text messages related to the Macondo well. (Doc. 242 at ¶ 17).

The Government intends to provide evidence concerning alleged "misstatements"at the August 22, 2011 turnover meeting wherein he acknowledge that he used an iPhone but there was "nothing on there now for Macondo" and that he admitted he deleted text messages because of "build up." [1]  Moreover, the Government intends to provide evidence that Mr. Mix did not disclose to the Vendor that he had, approximately only two days earlier, deleted text messages and voicemails from CONTRACTOR, or that he had earlier deleted an entire string of text messages with SUPERVISOR. Instead Mr. Mix simply responded to Vendor's questions by indicating that he did not believe he had any relevant texts or voicemails.

All of this evidence is intrinsic to the Second Superseding Indictment and as such will be allowed. Accordingly,

---

[1] The Government characterizes the "build up" explanation as a lie based on its forensic evidence that he was not near to exhausting the available storage space on the device. This argument is for the jury to determine.

**IT IS ORDERED** that the motion is **DENIED** as to statements made by Mr. Mix to the Vendor with respect to the August 22, 2011, turnover meeting.

New Orleans, Louisiana, this   11th   day of December, 2013.

*[signature]*

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**