UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                                    CRIMINAL ACTION

VERSUS                                                                                   NO. 12-171

KURT E. MIX                                                                          SECTION "K"(1)

ORDER AND REASONS

 Before the Court is Defendant's Motion and Incorporated Memorandum for a New Trial Pursuant to Federal Rule of Criminal Procedure 33 (Doc. 735), in which Kurt Mix for the third time under Rule 33 moves for a new trial, this time based on the issues addressed in his Motion for Recusal and accompanying memorandum filed on January 22, 2014 (Doc. 720).  The present motion consists of two paragraphs in which Mix's counsel in conclusory fashion "submits that retrospective relief, in the form of a new trial, is required under the three-prong test set forth in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).  In essence, based on the alleged erroneous failure of the Court to disqualify itself prior to trial, Mix contends he is entitled to a new trial based on the holding in the *Liljeberg* case.  The new trial remedy found in *Liljeberg* is available only with a finding that disqualification was required.

 This Court unequivocally found the initial recusal motion baseless and "naive at best and disingenuous at worst," (Doc. 748 at 32); likewise, the instant motion is baseless for the same reasons stated in its Order and Reasons dated February 13, 2014 (Doc. 748), *United States v.*

*Mix*, 2014 WL 580758 (E.D.La February 13, 2014).[1]  Thus, the Court finds no merit in the motion and finds Mix's argument equally unavailing.   Accordingly,

**IT IS ORDERED** that Defendant's Motion and Incorporated Memorandum for a New Trial Pursuant to Federal Rule of Criminal Procedure 33 (Doc. 735) is **DENIED** .

New Orleans, Louisiana, this 12th day of June, 2014.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[1] Mix petitioned for a writ of mandamus to the United States Court of Appeals for the Fifth Circuit in an attempt to prevent this Court from hearing a number of post-trial motions he had already filed.  Mix also filed a motion to stay this Court from hearing those motions and an alternative motion seeking emergency action on the petition for writ of mandamus, prior to a hearing in the District court on post-trial motions.  All of these remedies were summarily denied by the appellate court on March 12, 2014.  *In re KURT MIX,* No. 14-30183 (March 12, 2014).