

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Louisiana*

---

*Jennifer L. Saulino*          650 Poydras Street, Suite 1600     Telephone: (504) 680-3079
*Director, Deepwater Horizon Task Force*   New Orleans, Louisiana 70130     Fax: (504) 589-4395

November 6, 2015



Honorable Stanwood R. Duval, Jr.
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C368
New Orleans, Louisiana 70130

    Re:    *United States v. Kurt Mix*
            Criminal Docket No. 2:12-cr-00171-SRD-SS

Dear Judge Duval:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States Department of Justice, Criminal Division, Deepwater Horizon Task Force and Fraud Section (hereinafter "the Government") wishes to acknowledge the following agreement between the Government and Kurt Mix, the defendant, in the above-captioned proceeding. The defendant's undersigned counsel, Joan McPhee, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government filed a Superseding Bill of Information in the Eastern District of Louisiana against the defendant, Kurt Mix, charging him with one count of knowingly causing the transmission of a command and as a result intentionally causing damage without authorization to a protected computer, in violation of Title 18, United States Code, Section 1030(a)(5)(A) and (c)(4)(G)(i). The defendant agrees to enter a plea of guilty to Count 1 of the Superseding Bill of Information. In return, the Government agrees not to bring any other charges arising from the defendant's conduct as detailed in the Factual Basis for this Plea Agreement and will request the Court to dismiss Count One of the Second Superseding Indictment at the time of sentencing. The defendant understands that the Court is not bound to dismiss Count One of the Second Superseding Indictment, unless the Court accepts this 11(c)(1)(C) agreement.

    The Government and the defendant are entering into this plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the agreement that the defendant will serve a six-month term of probation in exchange for his plea of guilty. In addition to any terms

of probation imposed by the Court, the defendant agrees to perform 60 hours of community service. The defendant understands that in addition to the agreed upon term of probation, he faces a statutory maximum fine of up to $100,000 under Title 18, United States Code, Section 3571(b)(5) that remains up to the Court's discretion. The Government does not intend to recommend at sentencing that the Court impose a fine.

Pursuant to Section 3E1.1, Acceptance of Responsibility, of the U.S. Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government will file a motion requesting an additional one (1) level decrease in the defendant's offense level, assuming the offense level prior to any reduction for acceptance of responsibility is a level 16 or greater. However, both parties agree this will have no impact on the agreed upon term of imprisonment.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider a pre-sentence report as provided for in Federal Rule of Criminal Procedure 11(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the defendant or the Government has the option of declaring this plea agreement null and void.

The defendant understands that he has advised the Government that he plans to waive his right to a pre-sentence investigation report. Accordingly, the Government and the defendant agree that, should the Court determine it does not require a pre-sentence report, the parties jointly request that the plea and sentence should be consolidated to occur on the same date and in the same proceeding before the Court.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The Government hereby advises the Court that it does not believe any restitution is owed by the defendant in this matter.

Further, the defendant understands that a mandatory special assessment fee of $25.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. The defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. The defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based

upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post-conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands that if this Rule 11(c)(1)(C) plea is accepted by the Court the defendant will be sentenced to serve six (6) months of probation. The defendant understands that the Court could impose the maximum fine allowed by law.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant

understands and agrees that in the event the defendant violates the plea agreement, the defendant withdraws his decision to plead guilty, or his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases, or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings. The parties further agree that should the Court refuse to accept this plea agreement, the defendant or the Government has the option of declaring this plea agreement null and void and particularly the 410 waiver is rescinded.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JENNIFER L. SAULINO
DIRECTOR
DEEPWATER HORIZON TASK FORCE

_____
JENNIFER L. SAULINO
VIJAY SHANKER

_____  11/6/15
JOAN McPHEE                (Date)
Attorney for the Defendant

_____  11/6/15
KURT MIX                   (Date)
Defendant

4